IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REBECCA PLANTE, <br> BRITTANY GONZALEZ, and <br> GERARDO URBINA, <br><br> Plaintiffs, <br><br> v. <br><br> STORYBUILT, LLC, and <br> PSW REAL ESTATE LLC <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 1:23-cv-01021 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

Plaintiffs Rebecca Plante, Brittany Gonzalez, and Gerardo Urbina ("Plaintiffs") individually and on behalf of all others similarly situated, file this Class Action Complaint against Defendants StoryBuilt, LLC and PSW Real Estate LLC ("Defendants") for violating the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") and for breach of contract, by terminating Plaintiffs and Class Members without providing sufficient (or any) advance written notice after failing to pay their wages for nearly two months.

## I.   INTRODUCTION

1. The WARN Act required Defendants to provide Plaintiffs and Class Members with at least sixty (60) days advance written notice of a mass layoff or plant closure. Instead, Defendants simply notified Plaintiffs and Class Members that their terminations would be effective that same day.

2. In its July 31st, 2023, written notice distributed to the terminated employees, Defendants cite the "unforeseen business and financial circumstances" exception permitting reduced notice under the WARN Act. However, this exception does not apply to Defendants.

3.      Defendants' failure to provide its employees with any advance written notice has had a devastating economic impact on Plaintiffs and Class Members.

4.      Consequently, Plaintiffs and Class Members are entitled to recover from Defendants their respective compensation and benefits for sixty (60) days under the WARN Act.

5.      Specifically, Plaintiffs seek to certify the following class defined as:

> **All former employees of Defendants throughout the United States who were terminated as a result of a "mass layoff," as defined by the WARN Act, without 60 days advance written notice, beginning in July 2023.**

6.      Accordingly, Plaintiffs, on behalf of themselves and on behalf of Class Members, seek recovery of damages in the amount of sixty (60) days' compensation and benefits by reason of Defendants' violation of their rights under the WARN Act.

## II.     PARTIES

7.      Plaintiff Rebecca Plante is an individual who resides in Travis County, Texas.

8.      Plaintiff Brittany Gonzalez is an individual who resides in Travis County, Texas.

9.      Plaintiff Gerardo Urbina is an individual who resides in Travis County, Texas.

10.     StoryBuilt, LLC is a limited liability company licensed to do business in the State of Texas. StoryBuilt's principal place of business is located at 900 South 1st Street, Ste. 110, Austin, Texas 78704. StoryBuilt may be served with process by serving its registered agent, Matthew Welch, at 900 South 1st Street, Ste. 110, Austin, Texas 78704, or wherever it may be found.

11.     PSW Real Estate LLC is a limited liability company that is no longer licensed to do business in the State of Texas. PSW Real Estate's principal place of business is located at 900 South 1st Street, Ste. 110, Austin, Texas 78704. PSW Real Estate may be served with process by serving its registered agent, Matthew Welch, at 900 South 1st Street, Ste. 110, Austin, Texas 78704, or wherever it may be found.

## II.   JURISDICTION & VENUE

12. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5) and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claim that they form part of the same case or controversy. This Court has personal jurisdiction over the Defendants because each Defendant has sufficient contacts with this forum to give this Court general jurisdiction over each Defendant.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5), since a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III.   FACTUAL ALLEGATIONS

14. Defendant StoryBuilt is a real estate development, commercial development, urban infill, and architecture company based in Austin, Texas. StoryBuilt's employees primarily work remotely and in-office in Austin.

15. Defendant PSW Real Estate is the real estate investment arm of Defendant StoryBuilt, and its operations are intertwined with that of Defendant StoryBuilt.

16. StoryBuilt and PSW Real Estate LLC operated as an integrated enterprise which functioned as the employer of the Plaintiffs and Class Members.

17. Defendants hired Plaintiff Plante for a Graphic Designer role on March 14, 2022. Plaintiff Plante was terminated from StoryBuilt on July 31, 2023, as a result of its mass layoff.

18. Defendants hired Plaintiff Urbina as Phase Manager in a Marketing Coordinator role on February 14, 2022. Plaintiff Urbina was terminated from StoryBuilt on July 31, 2023, as a result of its mass layoff.

19. Defendants hired Plaintiff Gonzalez as the Customer Care Manager (Warranty Manager) on September 1, 2019. Plaintiff Gonzalez was terminated from StoryBuilt on July 31, 2023, as a result of its mass layoff.

20. On or about July 31, 2023, Defendant PSW Real Estate sent Plaintiffs an Employee Notice pursuant to the Worker Adjustment and Retraining Notification (WARN) Act informing them of the termination of their employment. The WARN notice is attached as Exhibit 1.

21. The WARN notice said approximately 83 employees working at the Austin location and locations outside of Texas were also terminated on this date.

22. The 83 terminated employees were at least 33 percent of Defendants' workforce.

23. Defendants made no offer of severance pay to the terminated employees.

24. Defendants claimed that it was not possible for it to give the terminated employees at least 60 days' notice because of "unforeseeable business and financial circumstances."

25. But Defendants' financial difficulties were foreseeable.

26. In Fall 2022 – almost a year prior to the issuing of the WARN notice – Defendants' largest joint venture partner, Partners Group, began withholding payments to StoryBuilt.

27. Defendants did not announce Partners Group's decision until February 2023.

28. On January 18, 2023, Eastline Condominium Community, Inc., sued related entity PSW GC, LLC d/b/a StoryBuilt in Case No. D-1-GN-23-000297 in Travis County for over $1 million in damages, interest, attorneys' fees, and court costs.

29. On April 11, StoryBuilt Chief Operating Officer Chad Shepler announced in a company-wide Microsoft Teams chat that Defendants would need to delay employee payroll.

30. Shepler said that the reason for the delay was that Partners Group did not send their funding in quickly enough for payroll to be paid on time.

31. On the same Teams chat, Shepler also acknowledged that Defendants' treasury had operated at low levels since June 2022, and it had missed two of its financial goals for the first quarter of 2023.

32. Defendants announced approximately 38 employees would be placed on furlough on May 24.

33. The next day, Defendants directed the non-furloughed employees to work four days a week and seek unemployment compensation for the eight hours they would miss working each week.

34. On June 7, Chief Executive Officer Anthony Siela announced a second payroll delay in a companywide Teams chat.

35. On June 9, investor Capscar sued Defendant StoryBuilt for breach of contract, fraud, breach of fiduciary duty, and violations of the Texas Securities Act, seeking approximately $400,000 in damages.

36. On June 30, over a week after payroll was due, Defendants announced that it would only issue a partial payroll for salaried employees for their work from June 1 to June 7, and that it did not know when it would make any subsequent payroll payment.

37. Defendants failed to make any payroll payment to its employees after June 30, 2023.

38. Plaintiffs and Class Members are still owed wages for the work they performed for StoryBuilt from June 8 until the date of their termination.

39. On July 2, Siela announced a work stoppage for the week of July 3 through July 7. This announcement excluded team members required to be on site, those handling critical operations, and employees assisting with raising capital.

40. Defendants placed a second group employees on furlough on July 10, which included

all Plaintiffs.

41. Defendants terminated 83 employees on July 31.

42. Plaintiffs have suffered devastating economic consequences as a result of their abrupt termination, including falling behind on bills, living paycheck-to-paycheck, and loss of health insurance.

43. The loss of Plaintiff Plante's income has resulted in financial instability and difficulty paying for routine household expenses. Plaintiff Plante's expenses have also increased during this difficult time, as she had to join her domestic partner's health insurance plan. Moreover, the growing gap on Plaintiff Plante's resume has made it very difficult to obtain work and she has been unable to find a new job thus far.

44. Plaintiff Urbina has suffered extreme amounts of financial stress from his lack of income for months and has had difficulty providing for his basic needs. Indeed, Plaintiff Urbina may be forced to move out of his residence because of a lack of income.

45. Plaintiff Gonzalez is the mother of two young children and the loss of income to her family has created a severe financial hardship. Plaintiff Gonzalez has likewise been unable to find a new job since her abrupt termination, further increasing the financial and emotional strain on her family.

## IV.   CLASS ACTION ALLEGATIONS

46. The above and foregoing paragraphs are incorporated herein as if set forth in full.

47. As a threshold matter, class action treatment of this action is authorized and appropriate under the WARN Act, which explicitly provides that a plaintiff seeking to enforce liabilities under the Act "may sue either for such person or for other persons similarly situated, or both." 29 U.S.C. § 2104 (a)(5).

48. Moreover, Plaintiffs and Class Members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

49. **Numerosity.** The Class is so numerous as to render joinder of all members impracticable, in that there are approximately 90 members of the Class.

50. **Typicality.** The claims of Plaintiffs are typical of the claims of each member of the Class. Plaintiffs' and Class Members' claims all arise from the same event or set of events. All Class Members, including Plaintiffs, have the same or similar injury in that StoryBuilt failed to comply with the WARN Act and their employment contracts.

51. **Adequacy of Representation.** Plaintiffs will fairly and adequately protect and represent the interests of Class Members. Plaintiffs and their counsel have the time, ability, and resources to prosecute this action. Plaintiffs have retained counsel competent and experienced in complex class actions, especially employment litigation.

52. **Commonality.** Plaintiffs' claims raise questions of law and fact common to the questions of law or fact raised by the claims of each member of the Class. Plaintiffs' claims arise from the same event or set of events that gives rise to the claims of Class Members. The questions of law and fact common to Plaintiffs and the Class predominate over questions affecting only individual Class Members, and include, but are not limited to, the following:

   a. That all Class Members enjoyed the protection of the WARN Act;

   b. That Defendants' termination of approximately 83 employees on or about July 31st, 2023 constituted a "mass layoff" under the WARN Act;

   c. That Defendants failed to provide the notices required by the WARN Act;

   d. That Defendants cannot avail itself of any of the provisions of the WARN Act which permit lesser periods of notice;

    e.    That Defendants have failed to pay Plaintiffs and Class Members wages and to provide their employee benefits for a 60-day period following their respective terminations;

    f.    That Defendants have failed to pay Plaintiffs and Class Members their wages for time they already worked for StoryBuilt, from June 8 until July 31;

    g.    The appropriate formulae to measure damages under the WARN Act; and

    h.    The appropriate formulae to measure damages under Plaintiffs' and Class Members' breach of contract claims.

53.    A class action under Rule 23 is appropriate for the above reasons and since the prosecution of separate actions by individual members of the class would create a risk of both inconsistent or varying adjudications based on a single set of facts, as well as adjudications of individual Class Members' claims that would, as a practical matter, be dispositive of the interests of other Class Members.

54.    **Fed. R. Civ. P. 23(b)(3) Factors.** Common issues of law and fact predominate in this matter and the class action method is superior to other methods available for handling this litigation. Indeed, the WARN Act has been described in judicial opinions as "contemplat[ing] enforcement by class action."

55.    **Common issues predominate.** As set forth above, common issues of law and fact predominate over individualized issues because StoryBuilt has violated the WARN Act by laying off a large percentage of its employees with no notice. Virtually all issues of liability will be common to the Class. Furthermore, to the extent Class Members' damages are individualized, the analysis of each Class Member's measure of damages is similar or identical and is capable of being resolved by application of a common damages formula and/or using a common set of data

within the possession of Defendants.

56. **Superiority.** Additionally, a class action is superior to other available methods for fair and efficient adjudication of the controversy, and in fact, is a statutory right granted in the WARN Act. The damages sought by each Class Member may be so relatively small, and the expense and burden of separate litigation so high, that individual prosecution would prove burdensome and unduly expensive. Even if Class Members themselves could afford such individual litigation, such individualized litigation would present an unnecessary burden on the courts. This is especially true as there is no other litigation commenced concerning these issues and it is desirable and virtually inevitable, given the locus of Defendants' acts, to concentrate this litigation in this forum.

57. **Manageability.** The trial and litigation of Plaintiffs' claims are manageable. Class Members and damages data may be identified through Defendants' own records. Individualized litigation presents a potential for inconsistent or contradictory judgments; increases the delay and expense to all parties and to the court system; and is avoidable when Defendants' conduct was systematic and uniform. The class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

58. **Notice to the Class.** Notice to the Class may be made by United States mail, electronic means, or other appropriate means. StoryBuilt will have data regarding contact information for each Class Member.

## V.   FIRST CAUSE OF ACTION – VIOLATIONS OF THE WARN ACT

59. Plaintiffs reallege each of the allegations in all prior paragraphs as if fully set forth herein.

60. At all times relevant to this action, Defendants were an "employer" as defined in the WARN Act.

61. Plaintiffs and Class Members are "affected employees" and/or "aggrieved employees" who suffered an "employment loss" as defined in the WARN Act.

62. Plaintiffs and Class Members' employment loss was the result of StoryBuilt's "mass layoff" as that term is defined in the WARN Act.

63. Defendants willfully violated the WARN Act by failing to provide the required 60-day advance written notice to Plaintiffs and Class Members of their termination.

64. Defendants are thus liable for up to sixty (60) days back pay, including other benefits, to each "affected employee" or "aggrieved employee."

65. Section 2102 of the WARN Act permits a reduced notification period to employers under certain circumstances. 29 U.S.C. § 2102(b)(1)-(2). None of the circumstances permitted by Section 2102 apply to Defendants.

### VI.     SECOND CAUSE OF ACTION – BREACH OF CONTRACT

66. Plaintiffs reallege each of the allegations in all prior paragraphs as if fully set forth herein.

67. By failing to pay Plaintiffs and Class Members their promised wages for all hours of work performed by Plaintiffs and Class Members, Defendants breached Plaintiffs' employment contract for which Plaintiffs and Class Members are entitled to relief pursuant to the common law of Texas, including reasonable attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

### VII.     JURY DEMAND

68. Plaintiffs request a trial by jury.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and Class Members, respectfully request that judgment be entered in their favor and against StoryBuilt, awarding Plaintiffs and Class Members the following relief:

a) certifying this action as a class action pursuant to Fed. R. Civ. P. 23;

b) designating Plaintiffs as Class Representative and designating Plaintiffs' counsel as class counsel;

c) declaring Defendant's conduct in violation each of the claims set forth above;

d) awarding Plaintiffs and Class Members compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

e) award damages to Plaintiffs and Class Members pursuant to their breach of contract claims;

f) awarding Plaintiffs and Class Members their reasonable attorneys' fees and costs, as allowed by the WARN Act, 29 U.S.C. § 2104(a)(6) and Chapter 38 of the Texas Civil Practice and Remedies Code;

g) awarding pre- and post-judgment interest, to the extent available at law; and

h) awarding such other relief as the Court deems just and proper.

Dated: August 30, 2023

Respectfully submitted,

By: */s/ Caitlin Boehne*
Caitlin Boehne
Texas Bar No. 24075815
cboehne@kaplanlawatx.com
Ryan Estes
Texas Bar No. 24120586
restes@kaplanlawatx.com
Austin Kaplan
State Bar No. 24072176
akaplan@kaplanlawatx.com

KAPLAN LAW FIRM
3901 S. Lamar Blvd., # 260
Austin, Texas 78704
Tel.: (512) 814-7348
Fax: (512) 692-2788

***Attorneys for Plaintiffs and Putative Class Members***