IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| REBECCA PLANTE, § <br> BRITTANY GONZALEZ, § <br> GERARDO URBINA, § <br> *Individually and on behalf of* § <br> *others similarly situated*, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> STORYBUILT, LLC, PSW § <br> REAL ESTATE LLC, § <br> § <br> *Defendants*. § | No. 1:23-cv-01021-DAE |

ORDER ADOPTING REPORT & RECOMMENDATION

Before the Court is Plaintiffs' Motion for Class Certification. (Dkt. # 14.) On January 7, 2025, United States Magistrate Judge Howell issued a Report and Recommendation that this Court grant the motion. (Dkt. # 22.) Notice of the Report and Recommendation was sent to Plaintiffs via electronic transmittal and Defendants, who have not appeared in this case, via regular and certified mail.[1] (See Dkts. ## 22–24, 26–27.)

---

[1] The Court acknowledges failed certified mail delivery but has received First-Class mail returns for both Defendants. (Dkts. ## 26, 27.) Both were returned as undeliverable as addressed and unable to be forwarded. (Dkts. ## 26, 27.)

1

Where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report and Recommendation.

## BACKGROUND

On August 30, 2023, Plaintiffs Rebecca Plante, Brittany Gonzalez, and Gerardo Urbina, individually and on behalf of others similarly situated ("Plaintiffs"), initiated this putative class action based on Defendants StoryBuilt, LLC ("Storybuilt") and PSW Real Estate LLC's ("PSW," and together "Defendants") alleged violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq. (the "WARN Act") and for breach of contract. (Dkt. # 1 at 1, ¶¶ 59–67.) Storybuilt is a real estate development, commercial development, urban infill, and architecture company, and PSW is the real estate investment arm of Storybuilt. (Id. at ¶¶ 14–15.) Plaintiffs allege that these entities operate as a single integrated enterprise, which operated as the employer of Plaintiffs and Class Members. (Id. at ¶¶ 16.) On July 31, 2023, Defendants terminated Plaintiffs as a part of a mass layoff of approximately eighty-three employees without sufficient advance notice after failing to pay their wages for nearly two months. (Id. at ¶¶ 20–22, 41.)

Defendants claimed advance notice was not possible because of "unforeseeable business and financial circumstances," but Plaintiffs allege those circumstances were foreseeable, thus necessitating a proper WARN notice prior to termination. (Id. at ¶¶ at 20–41) (see also Plante Decl. Dkt. # 14-1, at 3-5 (detailing Defendants' financial problems)) (Ex. A-3, Dkt. # 14-1 at 12–14 (email reflecting prior payroll delay).) Plaintiffs seek to certify this case as a class action, designate Plaintiffs as Class Representative and Plaintiffs' counsel as class counsel; a declaration that Defendants violated the claims asserted; damages and attorneys fees; pre- and post-judgment interest; and any other just and proper relief. (Dkt. # 1 at 11.)

To date, Defendants have not appeared in this lawsuit. Plaintiffs moved for, and the Clerk of Court entered, default against both Defendants. (Dkts. ## 8, 9.) On August 26, 2024, Plaintiffs moved to certify a class of approximately 83 former employees who were terminated as part of the July 31, 2023, mass layoff, so that they may then move for default judgment against Defendants. (Dkt. # 14 at 3, 8.) Plaintiffs move to certify a class defined as: "[a]ll former employees of Defendants throughout the United States who were terminated as a result of a 'mass layoff,' as defined by the WARN Act, without 60 days advance written notice, beginning in July 2023." (Dkt. # 14 at 2.)

DISCUSSION

"To obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements, as well as the requirements of Rule 23(b)(1), (2), or (3)." Maldonado v. Ochsner Clinic Found., 493 F.3d 521, 523 (5th Cir. 2007). The threshold requirements under Rule 23(a) are: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a); id.; see also Cruson v. Jackson Nat'l Life Ins. Co., 954 F.3d 240, 251 n. 11 (5th Cir. 2020). Here, Plaintiffs seek class certification under Rule 23(b)(3), which means they must also demonstrate that: (1) "[c]ommon questions must 'predominate over any questions affecting only individual members'"; and (2) "class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" Cruson, at 252 (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997)).

A. Proposed Class Definition

The Magistrate Judge recommends defining the class more precisely as "[a]ll former employees of Defendants throughout the United States who were terminated as a result of a 'mass layoff,' as defined by the WARN Act, without 60 days advance written notice, beginning *on July 31,* 2023," as opposed to Plaintiffs' proposal of "[a]ll former employees of Defendants throughout the United States who were terminated as a result of a 'mass layoff,' as defined by the WARN Act, without 60 days advance written notice, beginning *in July 2023*." (Dkt. # 14 at 2)

(Dkt. # 22 at 6.)  The Magistrate Judge reasons that Plaintiffs allege a single mass layoff date of July 31, 2023.  (Dkt. # 22 at 6.)  He further notes that although the WARN Act contemplates a class definition with flexible dates, the definition should align more closely with Plaintiffs' allegations.  See 29 U.S.C. § 2102(d) (noting that "employment losses . . . which occur within any 90-day period shall be considered to be a . . . mass layoff unless the employer demonstrates that the employment losses are the result of separate and distinct actions"); see also 20 C.F.R. § 639.5(a)(1)(ii) (noting an employer should "[l]ook ahead 90 days and behind 90 days to determine whether employment actions . . . will, in the aggregate for any 90-day period, reach the minimum numbers for a [mass layoff]").

Given that the Magistrate Judge's proposal aligns more closely with Plaintiffs' allegations of a single mass layoff date,[2] the Court finds no clear error and will ADOPT the Magistrate Judge's proposed class definition of "[a]ll former employees of Defendants throughout the United States who were terminated as a

---

[2] Although Plaintiffs couch some of the language around the termination date in their Complaint, the allegations consistently assert that July 31, 2023, was the date of the mass layoff.  For example, Plaintiffs allege in their Complaint that "[o]n or about July 31, 2023," Defendants sent Plaintiffs a WARN Act Notice notifying them of their termination.  (Dkt. # 1 at ¶ 20.)  Plaintiffs additionally alleged that Defendants "terminated 83 employees on July 31."  (Dkt. # 1 at ¶ 41.)  The Complaint subsequently states that the termination occurred "on or about July 31[], 2023."  (Dkt. # 1 at ¶ 52(b).)  The WARN Act notice Plaintiffs provided in support of their motion indicates that eighty-three employees "will be separated from employment effective on July 31, 2023."  (Dkt. # 14-1 at 8.)

result of a 'mass layoff,' as defined by the WARN Act, without 60 days advance written notice, beginning on July 31, 2023." Braidwood Mgmt., Inc. v. Equal Employment Opp. Cmm'n, 70 F.4th 914, 933–34 (5th Cir. 2023) (noting also that courts "may modify the classes to fit the requirements better").

B. Rule 23(a) Conditions

The Court also finds no clear error with the Magistrate Judge's conclusions that Plaintiffs have satisfied the Rule 23(a) conditions. The proposed class includes about eighty-three individuals, which district courts have held sufficient to establish numerosity. See, e.g., Quintero v. Mulberry Thai Silks, Inc., No. C 08-02294 MHP, 2008 WL 4666395, at *3 (N.D. Cal. Oct. 22, 2008) (holding sixty employees sufficient to satisfy numerosity requirement under Rule 23 in WARN Act context); Stanley v. St. Croix Basic Servs., Inc., No. CIV. 2003/0055, 2008 WL 4861448, at *6 (D.V.I. Nov. 3, 2008) (same for class of sixty-seven). Although there will likely be factual variation as to damages owed to each class member because of variations in their last pay, legal and factual questions arising out of the mass layoff are common to the class. Gomez v. Am. Garment Finishers Corp., 200 F.R.D. 579, 582 (W.D. Tex. 2000). The Magistrate Judge also properly concluded that because Plaintiffs' claims are premised on Defendants' failure to provide adequate notice violated both the WARN Act and the class members' employment contracts, Plaintiffs have met the typicality requirement. Finally, the

6

Magistrate Judge correctly concluded Plaintiffs have satisfied the adequacy requirement by demonstrating they share the same interests as the class and are committed to representing the class. Id.

C. Rule 23(b)(3) Requirements

The Court also finds no clear error with the Magistrate Judge's conclusions that Plaintiffs have satisfied Rule 23(b)(3)'s requirements.  As the Magistrate Judge correctly notes, common issues predominate in this case since "factual and legal issues that will drive the outcome of the class members' WARN Act claims will be decided under identical legal standards and can be resolved using common evidence." (Dkt. # 14 at 15.) The Court also agrees with the Magistrate Judge that because of the nature of WARN Act claims—in that they "involve a relatively large group of litigants with relatively small individual claims, each harmed by the same employer"—they are better resolved through class adjudication. (Id. at 17); Gomez, 200 F.R.D. at 584.

D. Notice

The Magistrate Judge also addressed the proper means of providing notice of this lawsuit to the class members.  Fed. R. Civ. P. 23(c)(2)(B).  The Court finds no clear error with the Magistrate Judge's conclusion that notice should be provided to potential members through Plaintiffs' proposed methods of First-Class mail, postage prepaid, SMS/text, electronic mail to each member of the proposed

7

class at the member's last known contact information as shown in the Defendants'
records that are in Plaintiffs' possession, as well as notice by publication, and to
permit at least thirty days from the date of the mailing for each putative class
member to object to class certification or to opt-out of the class.

Accordingly, the Court finds that the Magistrate Judge's conclusions
and recommendation are neither clearly erroneous nor contrary to law.

CONCLUSION

For the aforementioned reasons, the Court **ADOPTS** the Magistrate
Judge's Report and Recommendation as the opinion of the Court (Dkt. # 22) and
**GRANTS** Plaintiffs' Motion for Class Certification (Dkt. # 14). The certified class
is defined as "[a]ll former employees of Defendants throughout the United States
who were terminated as a result of a 'mass layoff,' as defined by the WARN Act,
without 60 days advance written notice, beginning on July 31, 2023."

**IT IS THEREFORE ORDERED** that Plaintiffs Rebecca Plante,
Brittany Gonzalez, and Gerardo Urbina are appointed class representatives, and
Kaplan Law Firm, PLLC is appointed as class counsel.

**IT IS FINALLY ORDERED** that Plaintiffs must provide notice to
potential class members through First Class mail, postage prepaid, SMS/text,
electronic mail, at the member's last known contact information as shown in the
Defendants' records that are in Plaintiffs' possession, as well as notice by

publication. Each putative class member will have thirty days from the date of the mailing to object to class certification or to opt-out of the class.

**IT IS SO ORDERED.**

Dated: Austin, Texas, February 18, 2025.

_____
David Alan Ezra
Senior United States District Judge